

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARSHALL W. HENDERSON, | * | CIV 10-4116-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| DR. ROYCE ENGSTROM, | * | OPINION AND ORDER |
| DR. JAMES S. KORCUSKA, | * | DENYING MOTION |
| DR. FRANK MAIN, | * | TO EXTEND TIME TO FILE |
| DR. GRACE A. MIMS, | * | NOTICE OF APPEAL |
| DR. KAREN OLMSTEAD, | * | |
| DR. SETH OLSON, | * | |
| DR. TAD PERRY, | * | |
| LINDA REETZ, | * | |
| DR. TERISA REMELIUS, | * | |
| and THE SCHOOL OF EDUCATION | * | |
| AT THE UNIVERSITY OF SOUTH | * | |
| DAKOTA, | * | |
| | * | |
| Defendants. | * | |

On September 12, 2012, this Court entered Judgment of Dismissal following and consistent with an Opinion and Order Granting Defendants' Motion for Summary Judgment. Doc. 85; Doc. 86. Plaintiff Marshall Henderson is proceeding pro se, so the Clerk of Court mailed those documents to Henderson on Thursday, September 13, 2012. Henderson lives in South Dakota, so he presumably would have received those materials on Friday, September 14, 2012, or Saturday, September 15, 2012. Henderson, on September 17, 2012, filed a letter dated that same day with the Clerk of Court concerning the receipt of what he perceived to be a settlement offer from Defendants. Doc. 87.

On October 17, 2012, Henderson filed a letter dated the same date requesting an extension of time to file a Notice of Appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Doc. 88. Henderson's letter was one sentence long and provided no explanation of

why he had not filed a notice of appeal or what justified the requested extension in the deadline to file a notice of appeal. Doc. 88. This Court denied Henderson's request for an extension of time to file a notice of appeal "without prejudice to refiling such a motion with a valid showing of 'excusable neglect or good cause' for failing to timely file a notice of appeal" under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure. Doc. 89.

On November 14, 2012, approximately a month after the deadline to appeal had run, Henderson filed another letter, this time requesting an extension of 90 days to file a notice of appeal. Doc. 90. Unlike his first letter which provided no explanation at all, Henderson's second letter provided in essence two rationales: (1) "I have discovered information that I feel is very important to this court case [and want an extension to appeal] to research this information further;" and (2) "[d]uring the course of this year I have experienced a great increase in responsibilities and financial loss." Doc. 90. Henderson elaborates somewhat on this second excuse by explaining enhanced responsibilities in his work and changes in his personal life. Doc. 90.

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure allows a party in a case of this nature "30 days after entry of the judgment" to file a notice of appeal. Rule 4(a)(5)(A) allows this Court to extend the time for filing a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

The 2002 Committee Note to Rule 4(a)(5) differentiates between "excusable neglect" and "good cause" as follows:

> The good cause and excusable neglect standards have "different domains." Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.
>
> Thus, the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline. If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its "neglect" was excusable, given that the movant may not have been neglectful at all. Similarly, the excusable neglect standard can apply to motions brought prior to the expiration of the original deadline. For example, a movant may bring a pre-expiration motion for an extension of time when an error committed by the movant makes it unlikely that the movant will be able to meet the original deadline.

Henderson's explanations do not establish "good cause" because Henderson's excuses do not describe a situation for which there is no fault whatsoever—such as mail not arriving. Rather, Henderson's reasons for an extension are more akin to claimed "excusable neglect."

Federal courts generally follow a four-factor test for determining whether "excusable neglect" justifies extending the time to appeal under Rule 4(a)(5)(A)(ii). See 16A Charles Allen Wright et al., Federal Practice and Procedure § 3950.3 (4th ed. 2008). Those four factors, taken from the case of Pioneer Inv. Services. Co. v. Brunswick Associates Limited Partnership, et al., 507 U.S. 380 (1993), are: "[1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including

whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Id. at 395; see also Sugarbaker v. SSM Health Care, 187 F.3d 853, 856 (8th Cir. 1999) (noting that the four factors from Pioneer are particularly important). The third Pioneer factor—the reason for the delay—is the most important. Gibbons v. United States, 317 F.3d 852, 854 (8th Cir. 2003). Indeed, the reason for the delay must be "excusable neglect" to be within Rule 4(a)(5)(A)(ii) at all, unless it separately constitutes "good cause."

Here, as is commonly the case, the first two factors and the final factor do not disfavor granting an extension. See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2nd Cir. 2003) (noting that in a typical case, the first two Pioneer factors will favor the movant and the final factor is often not at issue). There appears to be no danger of prejudice to the Defendants from a delay in an appeal and the length of the delay is not such that it has much potential for adverse impact on judicial proceedings. This Court likewise does not find that Henderson has acted in bath faith. The third factor—the reason for the delay, including whether it was within the control of the movant—prompts this Court to deny Henderson's motion. Henderson, in short, wants an extension in the time to appeal not due to what conventionally would be considered "excusable neglect," but because he is very busy with other matters in his life and wants additional time to do research. Such reasons do not fit with cases where "excusable neglect" has been held to exist. See, e.g. Active Glass Corp. v. Architectural & Ornamental Iron Workers Local Union 580, 899 F.Supp. 1228, 1231 (S.D.N.Y. 1995) (finding excusable neglect when attorney was diagnosed with cancer and underwent treatment before talking with client about appealing); Gilda Indust., Inc. v. United States, 511 F.3d 1348, 1350, 1352 (Fed. Cir. 2008) (noting that problems with counsel navigating electronic filing system resulted in notice being

4

filed one day late may justify finding excusable neglect); Weekley v. Jones, 927 F.2d 382, 386 (8th Cir. 1991) (granting pro se litigant in prison suffering from borderline mental retardation and paranoid schizophrenia extension based on excusable neglect). Indeed, Henderson's explanation for an extension strikes this Court as inferior to the explanation that the Eighth Circuit found to be insufficient to justify an extension in Gibbons. 317 F.3d at 854-55 (holding counsel's vacation without arrangements for management of cases and her illness do not justify an extension in the deadline to appeal). While Henderson is proceeding pro se, and pro se litigants deserves some "special consideration," there is no evidence of excusable neglect in the record. Weekley, 927 F.3d at 386.

To grant an extension to Henderson under these circumstances, this Court would have to disregard the actual language of Rule 4(a)(5)(A)(ii). Henderson's letter, which this Court accepts as a motion under Rule 4(a)(5)(A), does not satisfy the requirement in Rule 4(a)(5)(A)(ii) to show "excusable neglect or good cause." Therefore, it is hereby

ORDERED that Henderson's motion to extend time to file notice of appeal, Doc. 90, is denied.

Dated December 13th, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE